UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


PAUL DAVIS,                        )
                                   )
            Plaintiff,             )
                                   )
       v.                          )    No. 4:05 CV 941 DDN
                                   )
BEMISTON-CARONDELET CORP., d/b/a   )
Radisson Hotel Clayton,            )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

This case is before the court on the motion of plaintiff Paul Davis for an expedited hearing and motion to quash or stay compliance with subpoenas (Doc. 31). A hearing was held on March 13, 2006.

In his first amended petition, plaintiff alleges claims under Missouri Revised Statute § 213.010 and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against defendant, his former employer, for racial discrimination in employment which ultimately led to plaintiff's termination. Plaintiff alleges

> As a direct result of Defendant's unlawful employment practices, Plaintiff has suffered and will continue to suffer emotional distress, anxiety, humiliation and loss of reputation resulting in damages in an amount to be determined at trial.

(Doc. 4 at ¶¶ 44, 53, 59.)

In its pretrial discovery efforts, defendant issued subpoenas duces tecum to Addecco Employment Services and to The Parkway Hotel, prior employers of plaintiff. The subpoenas commanded the production of

> Any and all unedited personnel records or files, including, but not limited to, employment applications, physical examinations, attendance records, payroll, records, medical records, worker's compensation records, reports from physicians and other health care providers, records regarding discharge or resignation, exit interviews, and any other material or information concerning the employment of PAUL DAVIS . . . .

(Doc. 30, Attachment.)

Plaintiff has moved to quash the subpoenas on several grounds. Plaintiff argues that the subpoenas seek the production of materials

that are protected from discovery by the physician-patient and psychologist-patient privileges, and are irrelevant to the case, burdensome, and overly broad. Defendant argues that plaintiff's counsel failed to comply with the requirement that counsel confer with opposing counsel in an effort to settle the discovery dispute, as required by Local Rule 3.04(a); the materials sought are discoverable; plaintiff has waived any privilege; and plaintiff lacks standing to complain about overbreadth or the burden placed on the respondents by the subpoenas.

Regarding Local Rule 3.04(a) and the requirement of a pre-motion conference, plaintiff argues that such a conference is not required for discovery disputes arising under Federal Rule of Civil Procedure 37, such as plaintiff's motion to quash the subject subpoenas. The court disagrees. Local Rule 3.04(a) applies to "any motion relating to discovery and disclosure." See E.D. Mo. L.R. 37-3.04(A). The subject motion filed by plaintiff is such a motion. Because the subject issues are likely to recur unless ruled, and because the court has heard oral argument on them, the court proceeds to rule the dispute, rather than commit the matter back to a conference of counsel.

Federal Rule of Civil Procedure 26(b)(1) provides,

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .

See F. R. Civ. P. 26(b)(1)(2000). Plaintiff has alleged many facts that led chronologically to his termination by defendant and that defendant's treatment of him has caused him emotional distress, anxiety, and humiliation. Defendant argues that the subpoenas seek relevant information about plaintiff's employment history and about his mental or emotional condition. This is information defendant is, generally speaking, entitled to learn about plaintiff in its defense against his claims. Such discovery is subject to any privilege, as Rule 26 provides.

The record is not entirely clear as to whether or not relevant medical information about plaintiff is contained in the employment files of his prior employers, although the prior employers have apparently informally stated to defense counsel that none was in the subject files. The court is unwilling, on the state of the present record, to decide

whether the information that is in the files is not subject to a medical provider-patient privilege. Cf. Jaffee v. Redmond, 518 U.S. 1, 15 (1996)("confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence"). And the record is insufficient for the court to rule that the placement of privileged information in the files of the third-party employers is a waiver of any such privilege. Cf., State ex rel. Hayter v. Griffin, 785 S.W.2d 590, 594-95 (Mo. Ct. App. 1990).

However, plaintiff's claim for monetary damages in part to compensate him for his alleged mental condition caused by defendant's illegal actions has worked a waiver of any privilege he has to keep such information from defendant. Plaintiff's decision to prove his case without expert medical evidence, and to rely only on his own testimony, as the law allows, see Delph v. Dr. Pepper Bottling Co. of Paragould, Inc., 130 F.3d 349, 357 (8th Cir. 1997), does not prohibit defendant from offering medical expert evidence in its defense. As this court stated in E.E.O.C. v. Danka Inds., Inc., 990 F. Supp. 1138 (E.D. Mo. 1997),

> Plaintiffs in this action are seeking damages for emotional distress resulting from sexual harassment. Therefore, the mental condition of the plaintiffs is directly related to the issue of damages. Defendant is entitled to discover to what extent the plaintiffs' mental condition, prior to the alleged harassment, may have contributed to any emotional distress for which they now seek.

990 F. Supp. at 1142. See also, Calder v. TCI Cablevision of Missouri, Inc., 2001 WL 991459 (E.D. Mo. 2001). Plaintiff's arguments in this case that Danka and Calder are inapposite because the plaintiff does not intend to offer evidence relating to a medical professional and because plaintiff's case is not based upon the Americans with Disabilities Act are not persuasive. Plaintiff's allegations, as in Danka, have put his mental condition at issue and defendant is entitled to discover the evidence it seeks from his prior employers. Plaintiff has placed his mental condition in issue as much under his Title VII claims as he would have if he had invoked the ADA.

Plaintiff invocation of State ex rel. Dean v. Cunningham, 182 S.W.3d 561 (Mo. 2006) (en banc), is not persuasive. This court is not persuaded by that court's conclusion that plaintiff's decision to prove entitlement to damages for emotional distress through only his testimony limits the defendant's entitlement to defend by itself by similar evidence. 182 S.W.3d at 567-68. The Dean case is also limited in its application because it applied Missouri statutes regarding plaintiffs' causes of action and privileges.

What has been said above does not mean the court does not believe that plaintiff's files with his prior employers do not contain sensitive and private information that, unless used in this litigation, do not belong on the public record. Therefore, the court will order the parties to attempt to settle a protective order that, until further order, limits the disclosure of the subject files to defendant's counsel's eyes only and perhaps limits the disclosure in other ways agreed to by all parties.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of plaintiff to quash the subpoenas issued by defendant to The Parkway Hotel and to Adecco Employment Services (Doc. 30) is denied. The parties shall confer on the provisions of a proper protective order.

/s/ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 13, 2006.