```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


PAUL DAVIS,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    No. 4:05 CV 941 DDN
                                     )
BEMISTON-CARONDELET CORP., d/b/a     )
Radisson Hotel Clayton,              )
                                     )
            Defendant.               )
```

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of plaintiff Paul Davis to voluntarily dismiss Counts III and IV without prejudice (Doc. 40), the motion of defendant Bemiston-Carondelet Corporation to dismiss (Doc. 41), and the motion of plaintiff Davis to remand the case to state court (Doc. 44). The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 17.) A hearing was held June 15, 2006.

## I. Background

Plaintiff Paul Davis commenced this lawsuit in the Circuit Court of St. Louis County, and defendants removed pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In his first amended complaint, plaintiff alleges racial discrimination in violation of the Missouri Human Rights Act (MHRA) (Count I), retaliation under the MHRA (Count II), race discrimination under Title VII (Count III), retaliation under Title VII (Count IV), violation of Mo. Rev. Stat. § 290.140 (Count V), and wrongful termination (Count VI). (Doc. 4 Ex. A1, A2.) Counts I and II have been dismissed against the individual defendants, and Count VI has been dismissed entirely.[1] Therefore, the only remaining defendant is Bemiston-Carondelet.

Plaintiff Davis has moved to voluntarily dismiss Counts III and IV under Federal Rule of Civil Procedure 41(a)(2). Plaintiff argues that

---

[1] The factual basis for these claims has been set forth in detail in a previous memorandum filed by this court. (Doc. 21.)

the court has discretion to dismiss the claims without prejudice even if the plaintiff's motive is to re-file the case in state court. Plaintiff also moved to remand the case to state court, arguing that after Counts III and IV are dismissed, this court no longer has subject matter jurisdiction over the lawsuit.

Defendant argues that, if plaintiff wants to dismiss these claims, the court should dismiss them with prejudice, because plaintiff is seeking dismissal to find a more favorable forum and it has wasted time defending these claims. In the alternative, if this court dismisses these counts without prejudice, defendant argues it is entitled to attorneys' fees. Defendant asserts that, even if this court permits plaintiff to dismiss the Title VII claims, it is not required to remand the action.

Defendant has moved to dismiss all remaining counts. Defendant argues that plaintiff has failed to obtain a right-to-sue letter from the Missouri Commission on Human Rights, despite being given a year to do so. Therefore, Counts I and II should be dismissed. It also argues that plaintiff's service letter statute claim should be dismissed, and asks the court to reconsider its previous ruling denying a motion to dismiss this count.

## II. Discussion
### A. Plaintiff's motion to dismiss

Plaintiff has moved to dismiss his Title VII Claims III and IV without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Doc. 40.) Defendant wants the dismissal to be with prejudice.

Federal Rule of Civil Procedure 41(a)(2), which is applicable after an answer has been filed, states:

> (a) Voluntary Dismissal: Effect Thereof. . . .
>
> (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .

Fed. R. Civ. P. 41(a)(2).  "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987); Beuke v. Pharmacia & Upjohn Co., 2001 WL 34644300, at *1 (E.D. Mo. Apr. 27, 2001).  The prejudice to the defendant should be more than purely economical; courts will generally grant dismissals if the only prejudice felt by the defendant is economical.  Paulucci, 826 F.2d at 782. Whether the motion is granted is within the discretion of the trial court.  Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999).  The court has discretion to rule a motion for voluntary dismissal, by dismissing with or without prejudice or to deny the dismissal entirely.  Paulucci, 826 F.2d at 783; Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995).  Relevant factors include the defendant's effort and expense in defending the litigation, whether there is delay or lack of diligence on the part of the plaintiff, whether plaintiff's explanation as to why dismissal is necessary is insufficient, and whether a motion for summary judgment was filed. Paulucci, 826 F.2d at 783.  At the same time, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."  Hamm, 187 F.3d at 950.

This court will deny plaintiff's motion to dismiss Counts III and IV.  It is the parties' and the public's interests to have this case resolved in a timely fashion, and plaintiff has not provided this court with a sufficient explanation to warrant a dismissal of these claims. The parties have spent time preparing their cases on these claims, this case has been pending for a year, and there is no reason to delay adjudicating the factual basis for plaintiff's claims.  Further, plaintiff has indicated that he is likely to re-file these claims at a later date, which could make the case removable and put this case in the same place it is now.

Plaintiff's motion to dismiss Counts III and IV is denied.

### B.  Motion for Remand

Plaintiff has moved to remand the action to state court.  This motion is denied because plaintiff's Title VII claims are questions of

federal law to be adjudicated in this court. See <u>Filla v. Norfolk Southern Railway Co.</u>, 336 F.3d 806, 809 (8th Cir. 2003).

### C. Defendant's motion to dismiss

Defendant argues that this court should reconsider its previous ruling that plaintiff's service letter claim should not be dismissed, and that the MHRA claims should be dismissed because plaintiff has not obtained a right to sue letter, despite being given nearly a year to do so.

### i. Service Letter claim

Count V alleges a violation of Missouri's service letter statute, Mo. Rev. Stat. § 290.140. Defendant argues that this court should revisit its previous decision, and dismiss this claim because plaintiff did not substantially comply with the statute by not properly referring to the statutory provision.

This court will not change its previous decision denying defendant's motion to dismiss this claim. As this court earlier determined, plaintiff substantially complied with the statutory requirements. Instead of citing 290.140, the service letter cited 209.104; however, in the context of the rest of the letter, it is clear plaintiff was requesting a service letter pursuant to the statute. The mistake was merely typographical and not a complete failure to reference the statute.[2] Therefore, defendant's motion to dismiss Count V is denied.

### ii. MHRA claims

Defendant argues that Counts I and II (race discrimination and retaliation under the MHRA) should be dismissed because plaintiff has not obtained a right-to-sue letter from the MHRA, which is a condition precedent to filing suit. Defendant has previously moved to dismiss these claims. This court earlier deferred ruling on that motion until plaintiff's pending state court petition for a writ of mandamus is

---

[2]For a complete analysis of this issue, <u>see</u> Doc. 21 at 19-20.

decided, and stayed these claims. Plaintiff is currently seeking that writ to require the Missouri Commission on Human Rights to vacate the closure of his case and to issue him a right to sue letter.

"Although not jurisdictional, a right-to-sue letter is a prerequisite to the filing of a MHRA claim in . . . court." Public School Retirement System of the School Dist. of Kansas City v. Missouri Commission on Human Rights, 188 S.W.3d 35, 44 (Mo. Ct. App. 2006). Therefore, failure to obtain a right to sue letter can be cured after litigation has begun. Vankempen v. McDonnell Douglas Corp., 923 F. Supp. 146, 148 (E.D. Mo. 1996). Courts have dismissed MHRA claims when the plaintiff has failed to attempt to obtain a letter after the litigation began. Whitmore v. O'Connor Management Inc., 156 F.3d 796, 800 (8th Cir. 1998) (while possible to cure after litigation began, plaintiff made no attempt to do so); Simmons v. Directory Distributing Assocs., 2005 WL 2033426, at *6 (E.D. Mo. Aug. 22, 2005) (while plaintiff could have cured the defect by obtaining letter, he did not do so).

Here, plaintiff is trying to obtain a right to sue letter from the MHRC. The instant case is unlike the Whitmore and Simmons cases, where the plaintiffs had not attempted to get a right to sue letter after the litigation had began. Here, plaintiff is pursuing a writ of mandamus in state court that would require the MHRC to issue him a right to sue letter. Dismissal of the state law claims at this time is not warranted, and the court will deny defendant's motion without prejudice.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff to dismiss (Doc. 40) is denied.

**IT IS FURTHER ORDERED** that the motion of plaintiff to remand (Doc. 44) is denied.

**IT IS FURTHER ORDERED** that the motion of defendant to dismiss (Doc. 41) is denied without prejudice.

/s/ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 20, 2006.